USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 0 0 2019

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ENEROLISA MATOS,                                    :
                                                    :
                    Plaintiff,                      :
                                                    :
        -against-                                   :
                                                    :
COMMISIONER OF SOCIAL SECURITY,                     :
                                                    :
                    Defendant.                      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

17 Civ. 2371 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Enerolisa Matos brings this action under the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), seeking review of a determination by the Commissioner of Social Security that she does not qualify for supplemental security income ("SSI") or disability insurance benefits ("DIB"). (*See* Complaint, ECF No. 1.) Plaintiff moves this Court, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, for judgment on the pleadings vacating the Commissioner's determination and remanding this case to the Social Security Administration ("SSA") for further proceedings. (*See* Pl.'s Mot. for J. on the Pleadings, ECF No. 14.) The Commissioner cross-moves this Court for an order affirming the decision denying Plaintiff benefits, and dismissing this case. (*See* Def.'s Mot. for J. on the Pleadings, ECF No. 22.)

This matter was referred to Magistrate Judge Sarah Netburn. (ECF No. 7.) Before this Court is Magistrate Judge Netburn's Report and Recommendation dated July 16, 2018 ("Report," ECF No. 24), recommending that the Commissioner's denial of benefits be vacated and this case remanded to the SSA for further proceedings to determine the effect of Plaintiff's expected absences from work on her ability to secure and maintain employment.[1] (*Id.* at 20.) In her Report,

---

[1] The relevant procedural and factual background is set forth in detail in the Report and is incorporated by reference herein.

Magistrate Judge Netburn advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.*); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). No objections have been filed.

Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full. Accordingly, the Commissioner's denial of benefits is VACATED, and this case is hereby REMANDED to the SSA for further proceedings consistent with this Order and the Report.

## I. LEGAL STANDARDS

### A. Report and Recommendations

A court may accept, reject, or modify, in whole or in part, the findings set forth in a report and recommendation. 28 U.S.C. § 636(b)(1)(C). Where no party files objections to a report and recommendation, as here, the court may adopt it if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

### B. The Social Security Act

This Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). This Court may set aside a decision by the Commissioner only if it is not supported by substantial evidence or if it is based upon legal error. 42 U.S.C. § 405(g); *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013); *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012); *Burgess v. Astrue*, 537 F. 3d 117, 127 (2d

Cir. 2008). "Substantial evidence means more than a mere scintilla." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (citation and quotation marks omitted). Under the substantial evidence standard, facts found by an administrative law judge ("ALJ") can be rejected "only if a reasonable factfinder would *have to conclude otherwise*." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (citation omitted).

Under the Social Security Act, an individual is considered "disabled" for purposes of obtaining benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In addition, the individual's "physical or mental impairments [must be] of such severity that [s]he . . . cannot, considering [her] age, education, and work experience, engage in any . . . kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

The Commissioner's regulations outline a five-step sequential framework to guide the presiding ALJ in evaluating claims for benefits under the Social Security Act. *See* 20 C.F.R. § 416.920. The Second Circuit has described the first four steps of the analysis as follows:

> First, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity. Where the claimant is not, the Commissioner next considers whether the claimant has a "severe impairment" that significantly limits her physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment that is listed in 20 C.F.R. pt. 404, subpt. P, app. 1. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity ["RFC"] to perform her past work.[2]

---

[2] An RFC "is an assessment of the individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis[]" despite her impairments. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). In determining an individual's RFC, the ALJ is required to "'identify the individual's functional limitations or restrictions and assess . . . her work-related abilities on a function-by-

*Jasinski v. Barnhart*, 341 F.3d 182, 183–84 (2d Cir. 2003) (citation omitted). The claimant bears the burden of proof at each of these steps of the analysis. *Melville v. Apfel*, 198 F.3d 45, 51 (2d Cir. 1999). Once the claimant has met her burden on each of the first four steps, "the burden shifts to the Commissioner to show there is other gainful work in the national economy which the claimant could perform." *Melville v. Apfel*, 198 F.3d 45, 51 (2d Cir. 1999) (internal quotation marks and citation omitted).

## II.  THE COMMISSIONER'S DENIAL OF BENEFITS IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE

The ALJ in this case found that Plaintiff suffered from several severe impairments, including diabetes, the late effects of a cerebral vascular accident, Moyamoya disease, and headaches. (Report at 9.) Nevertheless, the ALJ concluded Plaintiff was not disabled within the meaning of the Social Security Act because she found Plaintiff had the RFC to perform her past job as a customer service representative, as well as other similar jobs in the national economy. (*Id.* at 10.) In this regard, the Commissioner's denial of benefits is not supported by substantial evidence.

During the administrative hearing, Plaintiff's attorney examined the Commissioner's vocational expert as to whether a hypothetical claimant would be precluded from maintaining employment if she needed to lay down for two hours during the workday. (*Id.* at 9.) The expert indicated that such a limitation would indeed preclude employment. (*Id.*) Plaintiff's attorney also asked the vocational expert what effect, if any, missing work more than once a month would have on a hypothetical claimant's ability to maintain employment. (*Id.*) The expert responded that such a limitation would similarly preclude a claimant from maintaining employment. (*Id.*)

---

function basis.'" *Cichocki v. Astrue*, 729 F.3d 172, 176 (2d Cir. 2013) (quoting SSR 96-8p, 1996 WL 374184, at *1).

In his November 2014 stroke impairment questionnaire, Plaintiff's treating neurologist opined that as a result of her impairments and treatment regimen, Plaintiff would require unscheduled breaks of approximately ten minutes twice per day and that Plaintiff would likely be absent from work approximately twice per month. (*Id.* at 6.) This conclusion is amply supported by other evidence in Plaintiff's medical record. For example, after Plaintiff suffered a stroke in August 2014, she was referred to home health services because her medical condition was expected to significantly impair her future capacities. (*Id.* at 18.) Following the stroke, Plaintiff continued experiencing headaches, dizziness, vertigo, and difficulty sleeping. (*Id.*) In addition, after an August 2015 angiogram showed that Plaintiff's left internal carotid artery was completely occluded, Plaintiff underwent brain surgery to restore blood flow to her brain. (*Id.*) Following the operation, Plaintiff's neurosurgeon noted that patients like Plaintiff often experience recurrent strokes or mini-strokes and have muscular weakness and paralysis affecting one side of the body. (*Id.* at 18–19.) Shortly thereafter, Plaintiff was approved to receive six home health care visits for physical therapy and skilled nursing. (*Id.* at 19.) As the Report correctly found, this evidence confirms Plaintiff was likely to miss work more than once a month. (*Id.*)

The ALJ's decision denying Plaintiff benefits failed to address these facts in any meaningful way. For instance, the ALJ did not explain why she discounted in her RFC analysis Plaintiff's treating neurologist's opinion that Plaintiff would likely miss work twice a month. Nor did the ALJ's written decision discuss whether Plaintiff's severe impairments would cause her to be absent from work on a recurring basis, or the vocational expert's testimony that such a limitation would preclude a hypothetical claimant from maintaining employment. Because the ALJ did not adequately address the potential effects of Plaintiff's regular absence from work, the ALJ's

decision that Plaintiff had the RFC to perform her past jobs and other jobs in the national economy was not supported by substantial evidence.

Accordingly, the Commissioner's denial of benefits is VACATED and this case is REMANDED to the SSA for further proceedings. At a minimum, the ALJ should consider on remand whether and to what extent Plaintiff's potential work absences are likely to affect her ability to secure and maintain employment.

## III. CONCLUSION

Magistrate Judge Netburn's Report is ADOPTED. Plaintiff's motion for judgment on the pleadings, (ECF No. 14), is GRANTED. The Commissioner's cross-motion for judgment on the pleadings, (ECF No. 22), is DENIED.

The Commissioner's denial of benefits is VACATED and this case is REMANDED to the SSA for further proceedings consistent with this Order and the Report.

Dated: New York, New York
       August 9, 2018

                                        SO ORDERED.

                                        *George B. Daniels*
                                        GEORGE B. DANIELS
                                        United States District Judge